**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**


**RODWELL POOLE,**                          :

    **Petitioner,**                        :

**vs.**                                     :          **CA 07-00127-KD-B**

**DAVID O. STREIFF,**                       :
**et al.,**
                                            :

    **Respondents.**


## ORDER

Petitioner has filed an objection to the Report and Recommendation (Doc. 13) in which

he claims that the Magistrate Judge erred in analyzing his detention pursuant to INA §241 (8

U.S.C. §1231) instead of INA §236 (8 U.S.C. §1226). (Doc. 14)  Specifically, petitioner argues

that because an order has been entered by the Second Circuit staying removal pending judicial

review of the administrative removal order, the removal period under INA §241 has not

commenced and thus INA §241 and its interpretation by the Supreme Court in Zadvydas v.

Davis, 533 U.S. 678 (2001) are inapplicable to his request for relief.  Petitioner further argues

that De La Teja v. United States, 321 F.3d 1357 (11th Cir. 2003), the case cited by the Magistrate

Judge in support of her order, is distinguishable from his case because De La Teja did not appeal

to the Circuit Court, thus, De La Teja had entered the INA §241 removal period.  In sum, the

petitioner argues that his removal order is not final because it is on appeal to the Circuit Court,

thus, it was error to apply INA §241 rules of detention.

First, petitioner's contention that his removal order is not a final removal order is without

1

merit.  In <u>De La Teja</u> the court stated that " [i]t is clear that an alien may not challenge a removal

determination through collateral means prior to the entry of a final removal decision by the INS.

321 F. 3d at 1365-66.  <u>See also</u>, 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law

and fact, including interpretation and application of constitutional and statutory provisions,

arising from any action taken or proceeding brought to remove an alien from the United States

under this subchapter shall be available only in judicial review of a <u>final order</u> under this

section.") (emphasis added).  Thus, if petitioner's removal order was not a final order he would

not be able to challenge it in the Circuit Court.

Next, the court in <u>De La Teja</u> also made it clear that "when a final removal order has

been entered, [petitioner] is no longer being detained pursuant to § 1226(c) [INA §236], which

governs *only* detention prior to a final removal order." 321 F.3d at 1363 (emphasis in original).

Thus, petitioner's contention that he is subject to detention under INA §236 is also without

merit.  Petitioner's final contention is that the removal period under INA §241 has not

commenced and thus INA §241 is inapplicable.  Petitioner relies on the fact that the removal

period under §241(a)(1)(B)does not commence <u>in his case</u> until judicial review is complete. The

petitioner is correct that his removal period has not commenced because of his appeal,[1] but that

does not change the fact that he is being detained pursuant to INA §241.  Petitioner was detained

pursuant to INA §241 as soon as his removal order was administratively final, i.e., August 2,

---

[1] This conclusion is based on the presumption that petitioner's stay request was granted.
The docket sheet from the Second Circuit Court of Appeals (Doc 12, Exhibit C) does not reflect
a ruling on the request.  However, the government indicates in their response that there is a
"forbearance agreement" between DOJ and the Second Circuit Court of Appeals regarding the
stay of the removal order. (Doc.18, n. 3)  The undersigned interprets this to mean that in the
Second Circuit, requests to stay are automatically granted by agreement with the DOJ.

2006.  For at least thirty (30) days, that is, until he filed his appeal with the Second Circuit on August 31, 2006 and obtained a stay, petitioner's clock, which was set to the INA §241 removal period [2], was ticking.  By filing a timely appeal to the Second Circuit and obtaining a stay of the removal order the petitioner effectively reset the clock, i.e., the commencement period date, to the yet to be determined date of the Second Circuit's final order.  However, the petitioner's request for judicial review did not make INA §241 inapplicable.  To construe INA §241 otherwise would result in a petitioner moving in and out of the purview of INA §241 rules of detention based on his decision to seek judicial review.  Moreover, to adopt petitioner's construction of INA §241 would result in periods of time where there is no authority for detention, a result obviously not intended by Congress.  See INA §242(b)(8)(A),8 U.S.C. 1252(b)(8)(A)("This subsection [entitled "Requirements for review of orders of removal"] does not prevent the Attorney General, after a final order of removal has been issued, from detaining the alien under section 1231(a) [INA §241(a)]....").

Accordingly, for the reasons stated above the Court overrules petitioner's objections to the Report and Recommendation.  The recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(l)(B) and Local Rule 72.1(c), and dated May 17, 2007 (Doc. 13) is **ADOPTED** as the opinion of this Court.

---

[2]As explained by the Eleventh Circuit, "[o]nce an alien has been ordered removed, the INS has ninety days in which to detain the alien and remove him. See 8 U.S.C. § 1231. This initial ninety days is known as the 'removal period'. The Attorney General has the authority to detain an alien beyond the ninety-day removal period for a number of reasons, including if the alien has been convicted of a crime of moral turpitude [or an aggravated felony]. See 8 U.S.C. § 1231(a)(6), § 1227(a)(2)."  Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001).  In Zadvydas v. Davis, 533 U.S. 678 (2001) the court held that the Attorney General did not have authority to hold a removable alien indefinitely but that it was presumptively reasonable for the Attorney General to detain a removable alien for six months.

**DONE** this 18th day of July, 2007.

          s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**